UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN & EASTERN DIVISIONS

| | | |
|---|---|---|
| ANSBERTO FERNANDEZ GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 7:18-CV-135-BO |
| | ) | |
| L. FRANK CISSNA, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| VILMA OLIVARES SALGUERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 7:18-CV-136-BO |
| | ) | |
| L. FRANK CISSNA, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| CAMELIA GUERRERO ANTONIO and JACINTO PEREZ ACOSTA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-131-BO |
| | ) | |
| L. FRANK CISSNA, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

| | ) | |
|---|---|---|
| MARIA ELENA MALDONADO JUAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-132-BO |
| | ) | |
| L. FRANK CISSNA, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on defendants' motions. Defendants have moved to stay their answer deadline [DE 12], to dismiss plaintiff Gonzalez's complaint [DE 13], to obtain an extension of time to file a motion to dismiss the consolidated case [DE 18], and to dismiss the consolidated case [DE 20]. Defendants have also moved to seal some of the filings. [DE 15, 22, 27]. All of these matters have been fully briefed and are ripe for disposition. For the reasons that follow, defendants' motion to stay the answer deadline [DE 11] and first motion to dismiss [DE 13] are DENIED AS MOOT, defendants' motion for an extension of time [DE 18] is GRANTED, defendants' second motion to dismiss [DE 20] is GRANTED, and the motions to seal [DE 15, 22, 27] are GRANTED.

## BACKGROUND

Plaintiffs are citizens of Mexico and Honduras who have completed U.S. Citizenship and Immigration Services (USCIS) Form I-918 and petitioned for U Nonimmigrant Status under 8 U.S.C. § 1101(a)(15)(U). Plaintiffs each filed their U-Visa petitions at least 30 months ago, between June 2015 and July 2016, and their petitions have not yet been processed. Each of the

plaintiffs either checked a box on their U-Visa petitions indicating that they requested work authorization or completed Form I-765 to apply for work authorization. As of February 2019, defendants had not taken any action on plaintiffs' U-Visa petitions or work authorization requests and had not yet placed any of the plaintiffs on the U-Visa waiting list. While waiting for the adjudication of their U-Visa petitions and work authorizations, each plaintiff also submitted a Freedom of Information Act (FOIA) request on June 25, 2018. In November 2018, USCIS produced documents in response to plaintiffs' FOIA requests.

In October 2000, Congress passed the Victims of Trafficking and Violence Protection Act of 2000, Pub. L. 106-386, 114 Stat. 1464, amending the Immigration and Nationality Act and creating the U-Visa Program. The U-Visa Program is meant to provide immigration relief to certain crime victims who cooperate with law enforcement in the investigation or prosecution of a crime. 8 U.S.C. § 1101(a)(15)(U). To qualify, a petitioner must demonstrate "that he or she has suffered substantial physical or mental abuse as a result of having been a victim of a qualifying crime, has credible or reliable information about the crime, has or is helping law enforcement in prosecuting the crime, and is admissible to the United States." 8 C.F.R. § 214.14(b); 8 F.C.R. § 214.1(a)(3). To apply, a petitioner must submit Form I-918 along with a sworn certification from a law enforcement officer stating that the petitioner was a victim of a qualifying crime and helpful in the resulting investigation or prosecution. 8 C.F.R. § 214.14. Defendant USCIS then reviews and processes the petition at one of two service centers, mostly in the order in which the petitions are received. USCIS policy authorizes the agency, at its discretion, to expedite the adjudication of certain petitions provided they meet certain criteria. *See* USCIS, Policy Manual, Volume 1, Part A, Chapter 12 (Feb. 12, 2019). Otherwise, petitions are processed in the order they were filed.

USCIS can only issue 10,000 U Visas per fiscal year. 8 U.S.C. § 1184(p)(2). The number of U-Visa petitions submitted each year greatly exceeds that statutory cap. There is also a large backlog of U-Visa petitions and as of January 2019, the processing date was November 2014. In other words, on average, a petitioner must wait 50 months to receive a waiting list decision after filing a U-Visa petition. Once the statutory cap of 10,000 visas has been reached for a fiscal year, "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 non-immigrant status must be placed on a waiting list." 8 C.F.R. § 214.14(d)(2). Prior to placement on the waiting list, USCIS conducts a substantive review of the petition to determine whether the statutory cap is the sole obstacle to the granting of a U Visa.

When a petitioner receives a U Visa, he or she also receives corresponding employment authorization. But when a U-Visa petitioner is placed on the waiting list, "in its discretion, USCIS may authorize employment for such petitioners and qualifying family members." 8 C.F.R. § 214.14(d)(2). In December 2008, Congress enacted the William Wilberforce Trafficking Victims Protection Reauthorization Act, Pub. L. 110-457, 122 Stat. 5044. The statute included a new provision, codified at 8 U.S.C. § 1184(p)(6), providing that the Secretary of the Department of Homeland Security "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." Defendants interpret 8 U.S.C. § 1184(p)(6) as a discretionary statute and have not "separately implemented" it. [DE 21, p. 13]. So, to summarize, there are currently two routes to work authorization: receipt of a U Visa or, subject to USCIS's discretion, placement on the waiting list. Here, plaintiffs request a third route, arguing that 8 U.S.C. § 1184(p)(6) requires USCIS to timely adjudicate work authorizations for petitioners who have not yet been placed on the waiting list or received a U Visa.

4

In July 2018, plaintiffs initiated the instant actions against USCIS and its director. Plaintiffs assert five causes of action: (1) that USCIS has unreasonably failed to provide them with work authorizations under 8 U.S.C. § 1184(p)(6), in violation of the "Mandamus Act"; (2) that USCIS has unreasonably delayed the adjudication of their work authorizations under 8 U.S.C. § 1184(p)(6), in violation of the Administrative Procedure Act (APA); (3) that USCIS has unreasonably delayed the adjudication of their work authorization applications, Form I-765, in violation of the APA; (4) that USCIS has unreasonably delayed placing plaintiffs on the U-Visa waiting list, in violation of the APA; and (5) that USCIS has unlawfully withheld documents in response to plaintiffs' FOIA requests. Plaintiffs amended their complaints in November 2018, and in December 2018 the Court consolidated the above-captioned cases for the purposes of discovery and motions filing.

In January 2019, defendants moved to dismiss plaintiffs' complaints under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [DE 20]. Plaintiffs have responded in opposition.

## DISCUSSION

At the outset, the Court denies as moot defendants' motion to stay the deadline to respond to one of plaintiff Gonzalez's claims and denies as moot defendants' first motion to dismiss, given that since that time the above-captioned cases have been consolidated and amended complaints have been filed. For good cause shown, in light of the complexity and consolidated nature of the case, defendants' motion for an extension of time is allowed, and defendants' second motion to dismiss is therefore timely.

Defendants have moved to dismiss two of plaintiffs' causes of action for lack of subject-matter jurisdiction under Rule 12(b)(1). The existence of subject-matter jurisdiction is a threshold question that a court must address before considering a case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

Defendants have also moved to dismiss all of plaintiffs' causes of action for failure to state a claim upon which relief can be granted under Rule 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## I. Plaintiffs' mandamus claim must be dismissed.

Plaintiffs ask the Court to issue a writ of mandamus to compel USCIS to adjudicate their work authorization requests under 8 U.S.C. § 1184(p)(6). Federal district courts have the authority to issue writs of mandamus to compel federal agencies to perform their duties. 28 U.S.C. § 1361. Plaintiffs claim that they are entitled to a writ of mandamus because USCIS has acted unlawfully and unreasonably in its handling of their employment authorization requests. But under the APA, a court cannot engage in judicial review of an agency action if that action is committed to agency discretion by law. 5 U.S.C. § 701(a)(2). Additionally, courts cannot review "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii).

The statute on which plaintiffs rely, 8 U.S.C. § 1184(p)(6), fits firmly within the § 1252(a)(2)(B)(ii) definition, as it provides that the agency "*may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status" (emphasis added). The statute clearly gives USCIS the *discretion* to grant work authorizations to aliens with pending, bona fide U-Visa applications. Thus, plaintiffs' first cause of action falls afoul of both 5 U.S.C. § 701(a)(2) and 8 U.S.C. § 1252(a)(2)(B)(ii) and, as such, the Court lacks jurisdiction over the claim and it must be dismissed.

## II. Plaintiffs' APA claims must be dismissed.

Plaintiffs assert three causes of action under the APA, challenging USCIS's handling of (1) work authorizations under 8 U.S.C. § 1184(p)(6), (2) Form I-765 work authorizations, and (3) U-Visa petitions. The Court finds that all three of these causes of action fail to state claims upon which relief can be granted. Additionally, the Court lacks subject-matter jurisdiction to consider

7

plaintiffs' second cause of action, the § 1184(p)(6) claim, for the same reasons discussed above. Accordingly, all three causes of action must be dismissed.

Plaintiffs' second cause of action suffers from the same fatal defect as the mandamus claim: fundamentally, it is a challenge to an agency action which is committed by statute to the agency's discretion. As such, the Court lacks subject-matter jurisdiction to consider it.

Even if the Court possessed subject-matter jurisdiction over plaintiffs' first two causes of action, however, all of plaintiffs' first four claims must be dismissed for failure to state a claim. Here, the Seventh Circuit's opinion in *Calderon–Ramirez v. McCament*, 877 F.3d 272 (7th Cir. 2017), is most persuasive. Ultimately, plaintiffs are seeking a court order that would move them to the front of the U-Visa (or work authorization) line, but have not alleged sufficient facts to establish that they should be treated differently from other, similarly situated U-Visa petitioners. In *Calderon–Ramirez*, the Seventh Circuit affirmed a district court's dismissal of similar mandamus and APA claims, finding that the plaintiff had "fail[ed] to set forth any facts that differentiate himself from other petitioners waiting ahead of him for adjudication," and refusing to let the plaintiff "skip ahead of other petitioners who filed an application before [him]." 877 F.3d at 275. As the D.C. Circuit previously noted in a comparable case, granting plaintiffs the relief that they seek would "simply move all other [petitioners] back one space and produce no net gain." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (citing *In re Barr Laboratories*, 930 F.2d 72, 75 (D.C. Cir. 1991)) (alterations omitted).

It is especially true with regard to the mandamus claim that plaintiffs have not alleged sufficient facts which would entitle them to such an extraordinary remedy and enable them to move to the front of the U-Visa line. With respect to plaintiffs' unreasonable-delay claim to U-Visa adjudication under the APA, however, the Court must consider the six-factor test set forth in

*Telecomms. Research and Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"). The six *TRAC* factors are as follows:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 80 (internal quotation marks and citations omitted). USCIS's processing of first-filed petitions before later-filed petitions, with a select few petitions being expedited subject to criteria set forth by the agency, constitutes a "rule of reason" under the first *TRAC* factor. And certainly, in this immigration context, there are particularly compelling interests at stake. The processing of U-Visa petitions and work authorizations should proceed as expeditiously as the agency's resources permit. But it is the fourth factor, "the effect of expediting delayed action of agency activities of a higher or competing priority," that is most relevant and most fatal to plaintiffs in this case. Here, there would be no net gain from the judicial order plaintiffs seek. The relief that plaintiffs request is a court-sanctioned pass to the front of the U-Visa line, to the detriment of the tens of thousands of petitioners who have been waiting for years for their U Visas, too.

Even if the remaining *TRAC* factors favor plaintiffs, in *Mashpee*, the D.C. Circuit gave all-but dispositive weight to the fourth *TRAC* factor, finding that when "a judicial order putting the petitioner at the head of the queue would . . . produce no net gain," no such judicial order is warranted. 336 F.3d at 1100. Indeed, this same notion was at the heart of the Seventh Circuit's decision in *Calderon–Ramirez*, finding that the plaintiff's U-Visa "wait time [had not] been any more unreasonable than other petitioners waiting in the same line." 877 F.3d at 276. The Seventh

9

Circuit noted that the U-Visa backlog had increased exponentially to over 177,000 pending applications. *Id.* Plaintiffs have made no effort to differentiate themselves from other U-Visa petitioners; granting them the relief that they request would simply open an avenue for other petitioners to jump to the front of the line, so to speak, without actually improving the processing times for U Visas. Under the *TRAC* factors, and in light of *Mashpee* and *Calderon–Ramirez*, it is clear that plaintiffs have not stated sufficient facts to state an APA unreasonable-delay claim to USCIS's processing of U-Visa petitions, so the fourth cause of action must be dismissed.

Work authorizations, the subject of petitioners' second and third causes of action, are inextricably tied to U-Visa petitions. As discussed above, petitioners can either obtain work authorization at the same time they obtain their U Visas or, in the agency's discretion, they can obtain work authorization upon being placed on the U-Visa waiting list. Plaintiffs argue that 8 U.S.C. § 1184(p)(6) opens up a third avenue, while defendants contend that that the statute simply gives USCIS the *discretion* to open up a third avenue, but also leaves open the option of continuing to grant work authorizations at the waiting list stage. USCIS has opted for the latter choice and has not "separately implemented" § 1184(p)(6). The Court need not consider whether or not this is proper because, even if the Court has jurisdiction to consider plaintiffs' second cause of action, both the second and third causes of action must be dismissed for failure to state a claim.

Again, the Court must turn to *Calderon–Ramirez*, *Mashpee*, and the *TRAC* factors and find that plaintiffs have not alleged sufficient facts to differentiate themselves from other, similarly situated petitioners. Under the *TRAC* factors and the persuasive Seventh and D.C. Circuit opinions, plaintiffs have not established that they are entitled to jump to the front of the U-Visa line, and that line is simultaneously the line for work authorizations. The Court cannot move plaintiffs to the front of the work-authorization line without also moving them to the front of the U-Visa line, or at

least onto the waiting list, because one of those two requirements—receipt of a U Visa or placement on the waiting list—is a condition precedent to work authorization. The analysis, then, is inseparable from the analysis of the U-Visa queue. Thus, for the same reasons that plaintiffs have failed to state an unreasonable-delay claim in their fourth cause of action, plaintiffs have failed to do so in their second and third causes of action. All of plaintiffs' first four claims must be dismissed under Rule 12(b)(6).

### III. Plaintiffs' FOIA claims must be dismissed.

Plaintiffs provide only a perfunctory fifth cause of action, alleging that plaintiffs filed FOIA requests in June 2018 and "USCIS has unlawfully withheld such documents," entitling plaintiffs to "an order compelling USCIS to provide those documents." [DE 16, ¶¶ 156–57]. Plaintiffs do not provide any more detail on which documents they are purportedly seeking or what they expect to find in those documents. Indeed, defendants provided plaintiffs with responsive documents prior to the filing of the amended complaints. Plaintiffs attempt to be slightly more specific in their response in opposition to defendants' motion to dismiss, but plaintiffs cannot retroactively cure the defects in the pleadings at this later stage. As plaintiffs have failed to state plausible FOIA claims and have merely recited the basic elements of such a claim, plaintiffs' fifth cause of action must also be dismissed.

In sum, the Court finds that under 5 U.S.C. § 701(a)(2) and 8 U.S.C. § 1252(a)(2)(B)(ii) it lacks the subject-matter jurisdiction to decide plaintiffs' first two causes of action, which both arise from 8 U.S.C. § 1184(p)(6). If the Court had jurisdiction, however, those first two causes of action would have to be dismissed alongside plaintiffs' third and fourth causes of action alleging unreasonable delay, given that plaintiffs have failed to differentiate themselves from other, similarly situated U-Visa petitioners and are not entitled to a court order enabling them to move to

the front of USCIS's lengthy queue. Finally, plaintiffs' fifth cause of action must also be dismissed as impermissibly vague and conclusory under Rule 12(b)(6). Defendants' second motion to dismiss is, therefore, granted.

For good cause shown, defendants' motions to seal are also granted over plaintiffs' opposition. 8 U.S.C. § 1367(a)(2) forbids the Department of Justice and Department of Homeland Security, including defendants, from "permit[ting] use by or disclosure to anyone [with limited exception] of any information which relates to an alien who is the beneficiary of an application for relief under" 8 U.S.C. § 1101(a)(15)(U). Plaintiffs argue that they have waived any objection to the disclosure of relevant facts by filing their complaints in federal court and that, in any case, the filings do not contain sensitive facts. The filing of the instant action did not constitute a knowing and voluntary waiver of the protections of § 1367(a)(2), however, and the Court finds that good cause exists to seal three of defendants' filings. Defendants' motions to seal are granted.

## CONCLUSION

For the above reasons, defendants' motion to stay the answer deadline [DE 12] and first motion to dismiss [DE 13] are DENIED AS MOOT, defendants' motion for an extension of time [DE 18] is GRANTED, defendants' second motion to dismiss [DE 20] is GRANTED, and the motions to seal [DE 15, 22, 27] are GRANTED. DE 14, 21, and 26 are hereby placed UNDER SEAL. The Clerk is DIRECTED to close the case.

SO ORDERED, this __6__ day of March, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE