IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN & EASTERN DIVISIONS

| | | |
|---|---|---|
| ANSBERTO FERNANDEZ GONZALEZ,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. 7:18-CV-135-BO |
| UR M. JADDOU,[1] DIRECTOR,<br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES; and<br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICE,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| | | |
| VILMA OLIVARES SALGUERO,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. 7:18-CV-136-BO |
| UR M. JADDOU, DIRECTOR,<br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES; and<br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICE,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| CAMELIA GUERRERO ANTONIO,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. 4:18-CV-131-BO |
| UR M. JADDOU, DIRECTOR,<br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES; and<br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICE,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | |

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court has substituted the current Director of United States Citizenship and Immigration Services as the proper party-defendant.

| | |
|---|---|
| MARIA ELENA MALDONADO JUAREZ, | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UR M. JADDOU, DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, | ) ) ) ) ) ) |
| Defendants. | ) |

No. 4:18-CV-132-BO

ORDER

This matter is before the Court on defendants' motion to dismiss in part and hold in abeyance in part, as well as defendants' motion to seal and updated briefing on its prior motions to seal. Plaintiffs have responded, defendants have replied, and the matters are ripe for ruling. For the reasons that follow, defendants' motion to dismiss in part and hold in abeyance in part is granted and its request to seal is denied.

BACKGROUND

The Court incorporates by reference as if fully set forth herein the procedural and factual background of this action set forth in its order entered March 7, 2019. [DE 30].

The case is again before the Court following remand by the court of appeals. Specifically, only plaintiffs' claims that defendants unreasonably delayed in adjudicating their U Visa Waiting List determination have been remanded for further proceedings. *See Gonzalez v. Cuccinelli*, 985 F3d 357, 374-76 (4th Cir. 2021). Defendants contend that this claim is now moot for three plaintiffs, Gonzalez, Salguero, and Juarez, based upon their placement on the U Visa Waiting List and their receipt of employment authorization while this case was pending on appeal. Defendants argue that those claims should therefore be dismissed pursuant to Rule 12(b)(1) of the Federal

2

Rules of Civil Procedure. As to the remaining plaintiffs, Antonio and her derivative beneficiary Acosta, defendants ask that the claim be placed in abeyance as the agency's U Visa adjudication process has already begun.

Defendants also request that their memorandum in support of their motion to dismiss in part be filed under seal, and further that their prior briefing remain under seal.

## DISCUSSION

I.   Motion to dismiss in part and hold in abeyance in part.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases and controversies." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (citing U.S. Const. art. III, § 2) (quotations and citations omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Plaintiffs Gonzalez, Salguero, and Juarez do not oppose dismissal of their cases for mootness. [DE 46 at 1 n.1]. As these plaintiffs agree that their remaining claim is moot, the Court grants defendants' motion to dismiss these cases.

3

As discussed above, defendants further seek to hold the remaining case in this consolidated action in abeyance because the U Visa process for plaintiff Antonio and her derivative beneficiary plaintiff Acosta has already begun. The resolution of this process will moot plaintiff Antonio's and plaintiff Acosta's claim. Defendants seeks a stay of this action for sixty days from the date of the Court's order. Plaintiffs Antonio and Acosta oppose the entry of a stay. Plaintiffs express concern about an indefinite stay, although they agree that if defendants actually decide their petitions their case will also be moot. [DE 46 at 3]. Plaintiffs Antonio and Acosta argue that this case was remanded by the court of appeals to allow plaintiffs to ferret out the truth behind the delays they have experienced.

A district court has inherent authority to manage its docket to promote "economy of time and effort for itself, counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). When determining whether to stay proceedings, a district court generally considers "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Johnson v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-2274-JFA, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (citation omitted).

Having considered the applicable factors, the Court determines that a stay of the remaining case is warranted. Importantly, the U Visa process is underway for plaintiff Antonio and her derivative beneficiary. The agency has indicated that it will take action on plaintiff Antonio's application after August 13, 2021, to allow her sufficient time to respond to the request for evidence (RFE) issued to her and to which she was originally supposed to respond by June 14, 2021. *See also Meixian Ye v. Kelly*, No. 17 CIV. 3010 (BMC), 2017 WL 2804932, at *2 (E.D.N.Y. June 28, 2017) ("with an RFE pending, there is no role for the Court").

4

Additionally, contrary to plaintiffs' argument, defendants do not seek an indefinite stay. The sixty-day stay requested by defendants is reasonable and the Court discerns no appreciable prejudice to the remaining plaintiffs by a stay of this period. The interests of judicial economy are also furthered by a stay of this remaining action for a period of sixty days and the Court allows the request to stay the remaining case.

II. Motion to seal.

Defendants move to seal their memorandum in support of their motion to dismiss in part and hold in abeyance in part, and further renew their motion to seal the memorandum in support of defendants' motion to dismiss [DE 21] and motion to seal the reply in support of defendants' motion to dismiss [DE 26]. The Court's grant of defendants' prior motion to seal was not vacated, but the court of appeals "remand[ed] the sealing order so that the district court may weigh alternatives to sealing, more fully explain its decision, and engage in a common-law and First Amendment analysis in the first instance." *Gonzalez*, 985 F.3d at 377. Plaintiffs have responded to the instant motion to seal, asking the Court to deny the motion because it fails to address whether 8 U.S.C. § 1367 repeals the common law rule or the public's First Amendment rights to access court filings. Plaintiffs argue that "all of [their] information is already in the public sector via the Fourth Circuit's published decision[,]" that the "public is now aware that the [p]laintiffs in these consolidated cases have applied for U-status and all of the implications therefrom[,]" and that defendants' "motion to dismiss reveals no further confidential information – beyond that required to be redacted as personally identifying information." [DE 45 at 3]. Importantly, plaintiffs further contend that they through their counsel have "consistently argued that this case should not be sealed" and "desire to have their information in the public sector." *Id.* at 4.

Pursuant to 8 U.S.C. § 1367(a)(2), no employee or official of the Department of Justice, including defense counsel, nor any employee or official of the Department of Homeland Security, including defendants, "may permit use by or disclose to anyone[,]" subject to limited exceptions, "any information which relates to an alien who is the beneficiary of an application for relief under paragraph (15)(T), (15)(U), or (51) of section 101(a) of the Immigration and Nationality Act." Section 1367(b)(3) permits disclosure of information in connection with judicial review, but it requires that such disclosure be made only in a "manner that protects the confidentiality of such information." *Id.* The defendants assume for the purposes of their motions that the 8 U.S.C. § 1367 did not repeal the common law, and the Court thus considers whether the common law presumption of access has been overcome in this case.

The common law right of access to all judicial records may be overcome when "countervailing interests heavily outweigh the public interest in access." *Va. Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The party seeking to overcome the presumption of access bears the burden of showing a significant interest that outweighs the presumption. *Id.* "[T]he factors to be weighed in the balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

This consolidated action presents a somewhat unusual circumstance where the parties whose information is at issue oppose the sealing of their information and ask only that personally identifying information be redacted. And, as plaintiffs contend, the information sought to be sealed is in large part already available to the public. The records defendants seek to seal are not being

6

sought by any party for improper purposes, and the Court discerns no enhancement of the public's understanding of an historical event in this case. Thus, the only applicable *Knight* factor weighs in favor of public access.

The same holds when considering the public's First Amendment right to access the records in this case. The First Amendment also guarantees access to certain judicial records and documents, including documents filed in connection with dispositive motions. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "Where the First Amendment guarantees access, . . . access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* "A sealing involving 'judicial records and documents' can be accomplished without violating First Amendment rights only if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, that compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect that compelling interest." *Gonzalez*, 985 F.3d at 376-377 (quoting *In re Washington Post Co.*, 807 F.2d 383, 390, 392 (4th Cir. 1986) (internal quotations omitted)).

Although Congress' enactment of 8 U.S.C. § 1367 certainly supports that there is a compelling interest in preventing disclosure of certain information related to U Visa applications, the defendants have not demonstrated that in the absence of closure such compelling interest would be harmed in this case, where, as discussed above, the relevant information is already public. Moreover, there are alternatives to sealing that would adequately protect any compelling interest. Defendants may file redacted versions of their briefs in which personally identifying information is withheld.

In light of the consistent position of the plaintiffs that nothing in defendants' briefing is sensitive and the memoranda contain no facts beyond those alleged by the plaintiffs in their publicly filed complaints, the Court determines that defendants have failed to demonstrate that sealing their dispositive motion briefing is necessary. The Court will require defendants to file redacted versions of their briefing to protect plaintiffs' personally identifying information.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss in part and hold in abeyance in part [DE 40] is GRANTED. The claims of plaintiffs Gonzalez, Salguero, and Juarez are DISMISSED AS MOOT.[2] The remaining claims by plaintiffs Antonio and Acosta are hereby held in ABEYANCE for a period of sixty days from the date of entry of this order. Defendants shall file a status update at the close of the sixty-day period.

Defendants' motion to seal [DE 42] is DENIED. Defendants are DIRECTED to file redacted versions of their briefs at [DE 21, 26, 41], in accordance with the foregoing, within twenty-one (21) days of the date of entry this order.

SO ORDERED, this 18 day of August, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Dismissal of these individual cases would ordinarily result in entry of judgment so that the remaining action might proceed on its own. However, and in light of the pending consolidated request for attorney fees made by plaintiffs, this action will remain consolidated until the resolution of the remaining case, at the close of which judgment will be entered in each of the above-captioned cases.

8