IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN & EASTERN DIVISIONS

| | | |
|---|---|---|
| ANSBERTO FERNANDEZ GONZALEZ, Plaintiff, | ) ) ) | |
| v. | ) ) | No. 7:18-CV-135-BO |
| UR M. JADDOU,[1] DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, Defendants. | ) ) ) ) ) ) ) | |
| VILMA OLIVARES SALGUERO, Plaintiff, | ) ) ) | |
| v. | ) ) | No. 7:18-CV-136-BO |
| UR M. JADDOU, DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, Defendants. | ) ) ) ) ) ) ) | |
| CAMELIA GUERRERO ANTONIO, Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-CV-131-BO |
| UR M. JADDOU, DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, Defendants. | ) ) ) ) ) ) ) | |

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court has substituted the current Director of United States Citizenship and Immigration Services as the proper party-defendant.

| | |
|---|---|
| MARIA ELENA MALDONADO JUAREZ,<br>            Plaintiff,<br><br>v.<br><br>UR M. JADDOU, DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE,<br>           Defendants. | No. 4:18-CV-132-BO |

## ORDER

This consolidated action is before the Court on plaintiffs' consolidated motion and application for fees and expenses under the Equal Access to Justice Act. [DE 46]. Defendants have filed an amended response in opposition. Plaintiffs have failed to file a reply to the amended response and the time for doing so has expired. In this posture, the motion is ripe for ruling. For the reasons that follow, the motion is denied.

## BACKGROUND

The relevant factual and procedural background of this action has been recited in prior orders which the Court incorporates by reference as if fully set forth herein. Relevant to the disposition of the instant motion, after this Court dismissed plaintiffs' complaints in their entirety, the United States Court of Appeals for the Fourth Circuit affirmed the Court's order as to the dismissal of all but one of plaintiffs' claims. *See Gonzalez v. Cissna*, 364 F. Supp. 3d 579, 581 (E.D.N.C. 2019), *aff'd in part, vacated in part, remanded sub nom. Gonzalez v. Cuccinelli*, 985 F.3d 357 (4th Cir. 2021). The court of appeals remanded plaintiffs' claims alleging that the agency had unreasonably delayed in adjudicating their U-Visa petitions. *Gonzalez v. Cuccinelli*, 985 F.3d

at 374-75. The court of appeals further remanded this Court's order granting the defendants' motion to seal. *Id.* at 376-77.

Following remand, plaintiffs did not object to the dismissal of the remaining claim on behalf of plaintiffs Gonzalez, Salguero, and Juarez as moot because these plaintiffs had been placed on the U Visa Waiting List and had received their employment authorization while the case was pending on appeal. *See* [DE 56]. The Court then held in abeyance the claim by plaintiff Antonio and her derivative beneficiary Acosta for a sixty-day period, and those claims subsequently became moot and were also dismissed. *See id.* & [DE 57]. In sum, following remand, each of the plaintiffs' remaining claims were dismissed as moot.

## DISCUSSION

Plaintiffs now seek attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). EAJA provides that

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*Id.*

The defendants argue, and the Court agrees, that plaintiffs are not prevailing parties in this consolidated action and are therefore not entitled to EAJA fees and expenses. The EAJA "amounts to a partial waiver of sovereign immunity . . . [which] must be strictly construed in favor of the United States." *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991).

Although plaintiffs "nonetheless achieved the desired result" by ultimately being placed on the U Visa Waiting List and receiving employment authorization, they have not secured a judgment on the merits in their favor nor any type of consent decree or judicially approved

3

settlement agreement; the absence of any such merits ruling in their favor or court-approved settlement agreement means plaintiffs are not the prevailing parties. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 600 (2001); *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 281 (4th Cir. 2002).

The court of appeals opinion which vacated the dismissal of one of their claims does not change this result. The court of appeals held only that plaintiffs had stated a plausible claim for relief. *Gonzalez*, 985 F.3d at 375. But this Court "did not grant [plaintiffs] any relief on the merits of their Amended Complaint, and neither did [the] appellate decision." *Goldstein v. Moatz*, 445 F.3d 747, 751 (4th Cir. 2006). Nor have plaintiffs demonstrated the material alteration of their legal relationship with defendants on any other ground. *Id.* (quoting *Buckhanon*, 532 U.S. at 604); *see also Ge v. United States Citizenship & Immigr. Servs.*, No. 20-1582, 2021 WL 5774725 (4th Cir. Dec. 7, 2021) (material alteration requires some *"resolution of the dispute"* changing the legal relationship between the parties) (quoting *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)). Accordingly, the Court concludes that plaintiffs are not prevailing parties and their motion for EAJA fees and expenses is appropriately denied.

## CONCLUSION

Plaintiffs' consolidated motion and application for fees and expenses under the EAJA [DE 48] is DENIED. The Clerk of Court shall enter this order in each of the above-captioned cases.

SO ORDERED, this __15__ day of December, 2021.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4